UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re Delphi ERISA Litigation,*

        Master Case Number:  05-CV-70882

_____ /

        JUDGE PAUL D. BORMAN
        UNITED STATES DISTRICT COURT

**OPINION AND ORDER:
1) CONSOLIDATING ERISA ACTIONS;
2) ADOPTING IN PART THE GLINKA GROUP'S AMENDED PRE-TRIAL ORDER;
3) GRANTING IN PART THE GLINKA GROUP'S AMENDED MOTION
REGARDING ITS PROPOSED INTERIM LEADERSHIP STRUCTURE; AND
4) DENYING THE BREWER GROUP'S AND HANNER'S MOTIONS
<u>REGARDING PROPOSED INTERIM LEADERSHIP STRUCTURES</u>**

Now before the Court are three competing motions regarding the consolidation of all related ERISA putative class actions and the appointment of an interim leadership structure on behalf of the proposed class.  The Court heard oral argument on July 18, 2005.  Having considered the entire record, and for the reasons that follow, the Court:

    1)    CONSOLIDATES all of the pending actions and any ERISA actions arising out of the same operative facts hereafter filed in or transferred to this Court as *In re Delphi ERISA Litigation,* Master File No. 05-CV-70882; none of the parties object to the consolidation.

    2)    ADOPTS the Glinka Group's amended pre-trial order to the extent that it relates to the consolidation of the actions; the caption of the cases; a master docket; a master file and separate action files; newly filed or transferred actions; and the applicability of the order to subsequent cases;

    3)    DENIES the Brewer Group's and Hanners' motions as to their proposed interim leadership structures; and

    5)    GRANTS in part the Glinka Group's amended motion as to its proposed leadership structure, as modified below.

## I. BACKGROUND

Pending before the Court are fifteen companion actions against the Delphi Corporation ("Delphi"), and other Defendants, for alleged fiduciary-duty violations under Sections 409 and 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1109 and 1132(a), by virtue of the investment by Delphi-sponsored, defined-contribution pension plans in Delphi common stock.[1]  The following Delphi-sponsored, defined-contribution pension plans invested in Delphi common stock (collectively "Delphi Plans"): 1) the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States ("Salaried Plan"); 2) the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States ("Hourly Plan"); 3) the ASEC Manufacturing Savings Plan ("ASEC Plan"); 4) the Delphi Mechatronic Systems Savings-Stock Purchase Program ("Mechatronic Plan"); and 5) the Delphi Income Security Plan for Hourly-Rate Employees ("Income Security Plan").[2]

The actions pending before the Court are as follows: 1) *Brewer v. Delphi Corp.,* No. 05-70882, filed on March 8, 2005; 2) *Kramer v. Delphi Corp.*, No. 05-70940, filed on March 10, 2005; 3) *Willis v. Delphi Corp.*, No. 05-71030, filed on March 16, 2005; 4) *Folck v. Delphi Corp.*, No. 05-71200, filed on March 28, 2005; 5) *Polito v. Delphi Corp.*, No. 05-71249, filed on

---

[1]Along with breach-of-fiduciary-duty claims, the complaint in *Folck* pleads a securities claim under § 11 of the Securities and Exchange Act, 15 U.S.C. § 77k, based upon alleged misrepresentations and non-disclosures in Delphi's Form S-8 registration statements.  (Folck Br. at 2; Compl. Count III.)  That Folck complaint has been withdrawn.  Hearing, July 18, 2005, Tr. P. 16 (Polovoy, counsel for Delphi) Pp. 16-17 (Sarko, counsel for Glinka Plaintiff Group)

[2] None of the plaintiff parties indicated a claim against the Income Security Plan at the July 18, 2005 hearing.  This opinion does not deal with that plan.

March 30, 2005; 6) *Glinka v. Delphi Corp.*, No. 05-71291, filed on April 1, 2005; 7) *Chase-Orr v. Delphi Corp.*, No. 05-71339, filed on April 6, 2005; 8) *Hunter v. Delphi Corp.*, No. 05-71396, filed on April 11, 2005; 9) *Hammer v. Delphi Corp.*, No. 05-71397, filed on April 11, 2005; 10) *Reilly v. Delphi Corp.*, No. 05-71398, filed on April 11, 2005; 11) *Bartell v. Delphi Corp.*, No. 05-71437, filed on April 13, 2005; 12) *Kessler v. Delphi Corp.,* No. 05-71508, filed on April 18, 2005; 13) *Williams v. Delphi Corp.,* No. 05-71620, filed on April 25, 2005; 14) *Lazor v. Delphi Corp.,* No. 05-71897, filed on May 13, 2005; and 15) *Hanners v. Delphi Corp.,* No. 05-72198, filed on June 3, 2005.

Securities complaints against Delphi have been filed in other federal districts; all ERISA complaints are now in this Court.

On April 27, 2005, Plaintiffs Glinka, Folck, Chase-Orr, and Bartell, all participants in the Salaried Plan, and Kessler, a participant in the Hourly Plan, (collectively "the Glinka Group") filed the instant amended motion for consolidation and for appointment of an interim leadership structure. Specifically, that motion seeks the entry of a pre-trial order that consolidates all related actions; appoints them as interim lead Plaintiffs; and appoints Lynn L. Sarko ("Sarko") of Keller Rohrback L.L.P. ("Keller") and Marc Machiz ("Machiz") of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen") as interim co-lead counsel; Berger & Montague ("Berger"), Branstetter, Kilgore, Stranch & Jennings ("Branstetter"), and Lockridge Grindal Nauen ("Lockridge") to an interim executive committee whose activities interim co-lead counsel would direct; and Jeffrey Meyers ("Meyers") of Morgan Meyers ("Morgan") as interim liaison counsel

(collectively "the Glinka counsel").[3] (Glinka Resp. to Brewer at 1, 4, 16; Glinka Am. Proposed Order at 5-8.)

On May 9, 2005, Plaintiffs Brewer, Detweiler, and Kramer, all participants in the Salaried Plan, and Willis, a participant in the Hourly Plan (collectively "the Brewer group") filed the instant amended motion for consolidation and for the appointment of an interim leadership structure. That motion seeks the entry of a pre-trial order that consolidates all related cases, and appoints Wechsler Harwood LLP ("Wechsler"), Scott & Scott LLC ("Scott"), and the McTigue Law Firm ("McTigue") as interim co-lead counsel and Elwood S. Simon & Associates P.C. ("Simon") as interim liaison counsel (collectively "the Brewer Counsel").[4] (Brewer Am. Mot. at 1, 3, 10.) On June 2, 2005, Plaintiff Williams filed a brief in support of the Brewer Group's amended motion.

On June 3, 2005, Plaintiff Hanners, a participant in the Salaried Plan, filed the instant motion for the entry of a pre-trial order consolidating all related cases; appointing her as interim lead Plaintiff; and appointing Abbey & Gardy L.L.P. ("Abbey") as interim lead counsel and Miller Shea P.C. ("Miller") as interim liaison counsel (collectively "Hanners' counsel").

The Glinka Group's and Brewer Group's amended motions propose a class on behalf of all of the Delphi Plans even though their proposed interim lead Plaintiffs are participants in only the Hourly or Salaried Plans. (Glinka Am. Mot. at 2.) Hanners' motion, likewise, proposes such a class even though Hanners is only a participant in the Salaried Plan. (Hanners' Mot. at 7; *but*

---

[3]The Glinka Group's amended motion supersedes any and all motions that members of that group previously and separately filed. (Glinka Am. Mot. at 1.)

[4]This amended motion supersedes any and all motions that members of the Brewer Group previously and separately filed. (Brewer Am. Mot. at 1.)

*see* at 4.)

## II. ANALYSIS

### A.  Consolidation & Master Docket

Federal Rule of Civil Procedure 42 provides:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Here, each of the pending actions alleges that the same or similar Defendants breached their fiduciary duties under ERISA in connection with the Delphi Plans' investment in Delphi common stock during the same or similar period.  (Brewer's Mot. at 3; Glinka Mot. at 4.)  The pending actions, therefore, involve common questions of law and fact.  Indeed, Defendants and the moving Plaintiffs do not oppose the Court's consolidation of all companion cases into the first-filed *Brewer* action. (Brewer Am. Mot. at 1 n.1, 13; Glinka Resp. to Brewer at 1; Reply at 2; Defs.' Resp. at 4; Hanners Mot. at 4.)  *See* E.D. Mich. LR 83.11(b)(7)(A).

The Court, therefore, consolidates, under Rule 42(a), all of the pending actions and any ERISA actions arising out of the same operative facts hereafter filed in or transferred to this Court as *In re Delphi ERISA Litigation,* Master File No. 05-CV-70882.  Moreover, the Court adopts the Glinka Group's Amended [Proposed] Pretrial Order No. 1 to the extent that it relates to the consolidation of the actions; the caption of the cases; a master docket; a master file and separate action files; newly filed or transferred actions; and the applicability of the order to subsequent cases.  (Proposed Order at 2-5.)

### B.  Interim Leadership Structure

Federal Rule of Civil Procedure 23(g)(2)(A) provides that the Court "may designate

5

interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." *See In re Cardinal Health, Inc. ERISA Litig.,* 225 F.R.D. 552, 554 (S.D. Ohio 2005); *In re Williams Co. ERISA Litig.,* No. 02-CV-153-H(M) (N.D. Okla. 2002) (order appointing lead counsel in which the court considered the needs of a certified class although, at the time of the order, the class was only a putative one). Rule 23(g)(2)(B) provides that, where, as here, "more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class."

As Rule 23(g)(1)(C)(I) mandates, the Court must consider the following factors in appointing lead counsel: 1) the work that counsel has performed in identifying or investigating potential claims in the action; 2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; 3) counsel's knowledge of the applicable law; and 4) the resources that counsel will commit to representing the class. Pursuant to Rule 23(g)(1)(ii), the Court may also consider other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. In determining lead counsel, a court should conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable. *See Manual for Complex Litigation* § 10.22, Pp. 24-28 (4th Edition, 2004).

The Brewer Group, the Glinka Group, and Hanners each contend that its/her proposed leadership structure is best able to represent the interests of the putative class than the other such proposed structures.

After carefully considering all of the pertinent factors, the Court will appoint Lynn Sarko

6

of the Keller Rohrback firm as interim lead counsel, and Jeffrey Meyers of the Morgan Meyers firm as interim liaison counsel concluding that they are best able, at this stage of the proceedings, to represent the putative class' best interests.  The Court notes, however, that appointed interim counsel are subject to an on-going duty to advise the Court of any conflicts of interests that develop between the plans that the putative class is to represent so that the Court may, if necessary, modify its appointed interim leadership structure to address and mitigate any such conflicts.

Upon considering the relevant factors, the Court appoints Plaintiffs Glinka, Folck, Chase-Orr, and Bartell, all participants in the Salaried Plan, and Kessler, a participant in the Hourly Plan, ("the Glinka Group") as interim lead Plaintiffs.  *See Fallick v. Nationwide Mutual Insurance Company,* 162 F.3d 410, 422-23 (6th Cir. 1998) (recognizing that "an individual in one ERISA benefit plan can represent a class of participants in numerous plans other than his own, if the gravamen of the plaintiff's challenge is to the general practices which affect all of the plans" and if the representative plaintiff satisfies the criteria of Federal Rule of Civil Procedure 23).

### III. SUMMARY

For the preceding reasons, the Court:

1) CONSOLIDATES all of the pending actions and any ERISA actions arising out of the same operative facts hereafter filed in or transferred to this Court as *In re Delphi ERISA Litigation,* Master File No. 05-CV-70882;

2) ADOPTS the Glinka Group's amended proposed pre-trial order to the extent that it relates to the consolidation of the actions; the caption of the cases; a master docket; a master file and separate action files; newly filed or transferred actions; and the applicability of the order to subsequent cases;

3) DENIES the Brewer Group's and Hanners' motions as to their proposed interim leadership structures; and

5) GRANTS in part the Glinka Group's amended motion as to its proposed leadership structure, as modified above. Mr. Sarko shall prepare an appropriate Order.

SO ORDERED.[5]

                                 s/Paul D. Borman
                                 PAUL D. BORMAN
                                 UNITED STATES DISTRICT JUDGE

Dated: September 13, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 13, 2005.

                                 s/Jonie Parker
                                 Case Manager

---

[5] On August 30, 2005, the Judicial Panel on Multi-district Litigation advised this Court that a motion to transfer was filed with the panel. MDL-1725 – In re Delphi Corp. Securities, Derivative and "ERISA" litigation.