UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE DELPHI ERISA LITIGATION

Master File No.: 05-CV-70882-DT

This Document Relates to:

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

ALL ACTIONS

_____ /

**ORDER CONSOLIDATING ACTIONS, APPOINTING INTERIM LEAD PLAINTIFFS AND ESTABLISHING INTERIM LEADERSHIP STRUCTURE**

**I. CONSOLIDATION OF RELATED ACTIONS**

The following ERISA actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) ("Consolidated Action"):

*Brewer v. Delphi Corp., et al.*, Case No. 05-70882;
*Kramer v. Delphi, et al.*, Case No. 05-70940;
*Willis v. Delphi, et al.*, Case No. 05-71030;
*Folck v. Delphi, et al.*, Case No. 05-71200;
*Polito v. Delphi, et al.*, Case No. 05-71249;
*Glinka v. Delphi Corp., et al*, Case No. 05-71291;
*Chase-Orr v. Delphi, et al.*, Case No. 05-71339;
*Hunter v. Delphi, et al.*, Case No. 05-71396;
*Hammer v. Delphi, et al.*, Case No. 05-71397;
*Reilly v. Delphi, et al.*, Case No. 05-71398;
*Bartell v. Delphi Corp., et al.*, Case No. 05-71437;
*Kessler v. Delphi, et al.*, Case No. 05-71508;
*Williams v. Delphi, et al.*, Case No. 05-71620;
*Lazor v. Delphi Corp., et al.*, Case No. 05-71897;
*Hanners v. Delphi Corp., et al.*, Case No. 05-72198

They shall be referred to collectively as *In re Delphi ERISA Litigation*, Master File No. 05-cv-70882.

## II.  CAPTION OF CASES

Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

RE DELPHI ERISA LITIGATION

                        Master File No.:  05-CV-70882-DT

This Document Relates to:

ALL ACTIONS
_____ /

When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above.  When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

## III.  MASTER DOCKET

A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order.  Entries in said Master Docket shall be

applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made.

When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

### IV.  MASTER FILE AND SEPARATE ACTION FILES

A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 05 cv 70882. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each action consolidated herein and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the actions consolidated herein.

### V.  NEWLY FILED OR TRANSFERRED ACTIONS

When a case that arises out of the same operative facts as the Consolidated Action is

hereinafter filed in or transferred to this Court, it shall be consolidated as provided in Section I above and the Clerk of this Court shall:

(a) File a copy of this Order in the separate file for such action;

(b) Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c) Make the appropriate entry in the Master Docket.

The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Delphi Plans.[1] This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with

---

[1] The Delphi Plans are: 1) the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States; 2) the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States; 3) the ASEC Manufacturing Savings Plan; and 4) the Delphi Mechatronic Systems Savings Stock Purchase Program.

respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## VII. APPOINTMENT OF INTERIM LEAD PLAINTIFFS

The Court appoints Plaintiffs Chris Glinka, Neal Folck, Kimberly Chase-Orr, Greg Bartell and Thomas Kessler as Interim Lead Plaintiffs in the above-captioned actions and all subsequently filed related actions consolidated herewith. The Court shall make a final determination regarding the identity of Lead Plaintiffs/Class Representatives on Plaintiffs' motion for class certification, or otherwise as the Court deems necessary and appropriate. The Lead Counsel as identified below may identify different or additional Lead Plaintiffs/Class Representatives at such time as they move for class certification in this litigation.

## VIII. APPOINTMENT OF INTERIM LEAD COUNSEL

Pursuant to Fed. R. Civ. P. 23(g)(2)(A), the Court designates the following to act as Interim Lead Counsel for the Plaintiffs in the Consolidated Action, with the responsibilities hereinafter described:

>  Lynn Lincoln Sarko
>  KELLER ROHRBACK

The Interim Lead Counsel shall have the authority over the following matters on behalf of all plaintiffs in the Consolidated Action in consultation with Lead Plaintiffs:

(a) directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action;

(b) initiating, responding to, scheduling, briefing, and arguing all motions, including Judicial Panel on Multi-district Litigation ("J.P.M.L.") motions;

(c) appearing at hearings and conferences with the Court and the J.P.M.L.;

(c) determining the scope, order, and conduct of all discovery proceedings;

(d) retaining experts;

(e) communicating with the Court;

(f) communicating with defense counsel;

(g) conducting settlement negotiations;

(h) collecting and reviewing time and expense records from all plaintiffs' counsel on a monthly basis;

(i) advising the Court of any conflicts of interest that develop between the Delphi Plans that the putative class is to represent;

(j) performing such other duties that may be incidental to proper coordination of pretrial activities or authorized by further order of the Court.

### IX. APPOINTMENT OF INTERIM LIAISON COUNSEL

Pursuant to Fed. R. Civ. P. 23(g)(2)(A), the Court designates the following to act as Interim Liaison Counsel for the Plaintiffs in the above-captioned actions and all subsequently filed related actions consolidated herewith, with the responsibilities hereinafter described:

Jeffrey Meyers
MORGAN MEYERS

Plaintiffs' Interim Liaison Counsel shall act at the direction of Interim Lead Counsel. Plaintiffs' Interim Liaison Counsel shall assist the Interim Lead Counsel in facilitating coordination and communications among counsel for the parties and with the Court and otherwise assist in the coordination of discovery, presentations at pretrial conferences and other pretrial activities.

Defendants may satisfy their service obligations as to all of plaintiffs' counsel under Fed. R. Civ. P. 5(a) by serving the Interim Lead Counsel and Interim Liaison Counsel.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 21, 2005.

s/Jonie Parker
Case Manager